**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

JOSEPH SIANO,                                   Case No. 0:26-cv-60012-SMITH/HUNT

      Plaintiff,

v.

TD BANK, N.A., and EQUIFAX
INFORMATION SERVICES, LLC,

      Defendants.

_____/

## PLAINTIFF'S MOTION TO COMPEL BETTER DISCOVERY RESPONSES FROM DEFENDANT TD BANK, N.A. AND REQUEST FOR ATTORNEY'S FEES AND COSTS

Plaintiff, JOSEPH SIANO, pursuant to Federal Rule of Civil Procedure 37(a) and S.D. Fla. Local Rule 26.1(g), and in accordance with Magistrate Judge Hunt's General Order on Discovery Objections and Procedures [DE 34], respectfully moves to compel Defendant TD BANK, N.A. ("TD Bank") to serve amended, code-compliant responses to Plaintiff's First Requests for Production, to overrule TD Bank's objections, and to award Plaintiff the reasonable attorney's fees and costs incurred in bringing this motion. In support, Plaintiff states:

### BACKGROUND

This is an action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Among other claims, Plaintiff alleges that TD Bank, as a furnisher of information, violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's disputes (Count V). All non-dispositive pretrial matters have been referred to Magistrate Judge Hunt [DE 21], and discovery is governed by his General Order on Discovery Objections and Procedures [DE 34].

Plaintiff served his First Requests for Production on TD Bank, and TD Bank served its Responses on April 23, 2026, accompanied by a production Bates-stamped TD Bank 000001–000250. TD Bank's Responses are attached as **Exhibit "A."** On April 24, 2026, Plaintiff's counsel sent TD Bank's counsel a detailed meet-and-confer letter, in the spirit of S.D. Fla. L.R.

7.1(a)(3) and the General Order, identifying the deficiencies addressed herein and requesting amended responses, a Rule 26(b)(5) privilege log (or confirmation that nothing is withheld on privilege grounds), and production of the withheld policies and procedures by May 18, 2026. The letter is attached as **Exhibit "B,"** and the email transmitting it (and related materials) is attached as **Exhibit "C."**

Under S.D. Fla. L.R. 26.1(g)(2)(A)(i), any motion concerning TD Bank's April 23, 2026 responses was due within twenty-eight (28) days—i.e., by May 21, 2026. The parties met and conferred on April 29, 2026 via video conference at which point the parties agreed to the one-time seven-day extension permitted by S.D. Fla. L.R. 26.1(g)(2)(B), moving the operative deadline to May 28, 2026. Consistent with Part II.B of the General Order, which requires the moving party to obtain permission from Chambers before filing a discovery motion, Plaintiff's counsel contacted Magistrate Judge Hunt's Chambers on May 28, 2026 and was granted permission to file this Motion on or before June 1, 2026. This Motion is therefore timely. The parties conferred in good faith and it was generally agreed that updated responses would be provided, but to date none have been given to Plaintiff.

## ARGUMENT

### I. General and Boilerplate Objections (RFP Nos. 1, 3 - 13, 17, 20 - 22, 24, and 25)

These responses rely on some combination of "overbroad," "not sufficiently limited in scope," "unduly burdensome," "not proportional," "vague and ambiguous," and "confidential and/or proprietary" objections, stated in general terms without particularized explanation. The General Order directs the parties to avoid generalized objections and to articulate the specific concern [DE 34, Part I.A]; treats "vague, overly broad, or unduly burdensome" objections standing alone as meritless absent explanation [DE 34, Part I.B]; and requires that, where the objection is to scope or timeframe, "discovery should be provided as to those matters within the scope that is not disputed" [DE 34, Part I.C]. Such objections are "borderline frivolous." *Steed v. EverHome Mortg.*, 308 F. App'x 364, 371 (11th Cir. 2009); *accord Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011); *Polycarpe v. Seterus, Inc.*, 2017 WL 2257571, at *4–5 (M.D. Fla. May 23, 2017); *Border Collie Rescue, Inc. v. Ryan*, 2005 WL 662724, at *2 (M.D. Fla. Mar. 15, 2005). As to the "vague and

ambiguous" objections (RFP Nos. 6, 7, 12, 17, 20, 21, 24), the operative terms are used in their ordinary sense and are defined in the Instructions and Definitions; the General Order contemplates that a party seeking clarification will do so before objecting on that ground [DE 34, Part I.B], which TD Bank did not do.

## II. Privilege and Work-Product Objections Without a Log (RFP Nos. 1, 3–14, 17, 19, 20, 21, and 25)

TD Bank asserts the attorney-client privilege and/or work-product doctrine across these requests but has served no privilege log. Federal Rules of Civil Procedure 26(b)(5) and 34(b)(2)(C), and S.D. Fla. L.R. 26.1(e)(2), each require a log, and the General Order provides that a privilege objection unaccompanied by a log "may be deemed to have been waived" [DE 34, Part I.F]. *See Williams v. Taser Int'l, Inc.*, 274 F.R.D. 694, 696 (N.D. Ga. 2008); *Polycarpe*, 2017 WL 2257571, at *5. TD Bank should be compelled to serve a Rule 26(b)(5) log or, if nothing is actually withheld, to so confirm in amended responses.

## III. "Subject to and Without Waiving" Responses (RFP Nos. 1, 3, 4, 6, 12, 13, 19, and 22)

These responses recite objections followed by "Notwithstanding the foregoing, and without waiving any further objections, TD Bank refers Plaintiff to …" (or equivalent). The General Order expressly disallows this formulation because it "preserves nothing" and leaves the requesting party uncertain whether the response is complete [DE 34, Part I.E]. *See Polycarpe*, 2017 WL 2257571, at *5; *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, 2015 WL 1470971, at *4 (M.D. Fla. Mar. 31, 2015). TD Bank should be compelled to state, for each such request, whether its production is complete or whether responsive material is being withheld and, if so, on what specific basis.

## IV. "All-Bates" Responses Under Rule 34(b)(2)(E)(i) (RFP Nos. 1, 15, 18, and 19)

The responses to RFP Nos. 1, 15, and 18 direct Plaintiff to the entire range TD Bank 000001–000250, which spans distinct categories—the account application and opening terms (000001–000017); communications with Plaintiff (000001–000111, 000114–000150); ACDV/dispute-related materials (000113–000139, 000151–000155, 000162–000202, 000203–000250); and account notes (000162–000200). Rule 34(b)(2)(E)(i) requires that documents be produced as kept in the usual course of business or organized and labeled to

correspond to each request. TD Bank should be compelled to identify the specific Bates range responsive to each request, including RFP No. 19 (documents supporting its affirmative defenses), without prejudice to its right to supplement.

## V. Confidentiality and the § 1681s-2(b) Policies and Procedures (RFP Nos. 1, 7, 8, 9, 10, 11, 17, 24, and 25)

TD Bank withholds documents on trade-secret, confidential, and proprietary grounds. These requests go to the core of Plaintiff's § 1681s-2(b) claim and TD Bank's good-faith and statutory-compliance affirmative defenses: RFP Nos. 8, 9, and 10 seek TD Bank's policies and procedures for handling furnisher disputes, verifying credit data in response to disputes from a consumer reporting agency, and complying with § 1681s-2(b); RFP No. 11 seeks policies and procedures for compliance with 15 U.S.C. § 1681c(c)(1); RFP No. 7 seeks vendor or third-party agreements under which Plaintiff's disputes were processed or investigated, material to the reasonableness of TD Bank's investigation; RFP No. 25 seeks employee incentive-program documents relevant to willfulness under 15 U.S.C. § 1681n; and RFP Nos. 17 and 24 seek the definitions of codes and abbreviations necessary to make the production usable. Confidentiality is not a basis to withhold; it is properly addressed through a protective order. *Polycarpe*, 2017 WL 2257571, at *5–8. Plaintiff has already proposed a Confidentiality Stipulation and a Joint Motion for its entry, which Equifax recently agreed to, and is identical to the one proposed to TD Bank [DE 35]. The proposed Confidentiality Stipulation, which mirrors the one between Plaintiff and Equifax, provides adequate protection for any material TD Bank designates as Confidential. TD Bank's responses and objections to the RFPs that touch on these confidential materials are not sufficient based on.

Finally, for RFP No. 5 (phone recordings), TD Bank should be compelled to confirm in an amended response that, after a diligent search, no responsive recording exists in its possession, custody, or control, so its scope objections may be withdrawn; and for RFP Nos. 20 and 21 (internal employee and third-party communications regarding Plaintiff and the Account), TD Bank should be compelled to identify what, if anything, is being withheld on boilerplate grounds notwithstanding its related production.

## ATTORNEY'S FEES AND COSTS

Because TD Bank's deficient responses necessitated this Motion, Plaintiff requests an award of reasonable attorney's fees and costs under Federal Rule of Civil Procedure 37(a)(5)(A). As the General Order recognizes, the Court must award the prevailing party its reasonable expenses unless an exception applies [DE 34, Part II.E].

<u>**S.D. FLA. L.R. 7.1(A)(3) CERTIFICATION**</u>

The undersigned counsel certifies that Plaintiff conferred with counsel for TD Bank in a good-faith effort to resolve the issues raised in this Motion, including by the April 24, 2026 meet-and-confer letter (Exhibit "B"), which was followed by a video conference meeting on April 29, 2026, but the parties have been unable to resolve the disputes set forth above.

**WHEREFORE**, Plaintiff, JOSEPH SIANO, respectfully requests that this Court enter an Order (i) overruling TD Bank's objections; (ii) compelling TD Bank to serve amended, code-compliant responses, a Rule 26(b)(5) privilege log, and the withheld documents and policies and procedures identified above, subject to the proposed Confidentiality Stipulation; (iii) awarding Plaintiff his reasonable attorney's fees and costs incurred in bringing this Motion; and (iv) granting such other and further relief as the Court deems just and proper. Respectfully submitted,

<u>*By: /s/ Kevin Rajabalee*</u>
Kevin Rajabalee, Esq.
FBN: [INSERT]
**DEBT SHIELD LAW**
[Insert Address]
[Insert City, State ZIP]
Telephone: [INSERT]
Email: kevin@debtshieldlaw.com
*Counsel for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on June 1, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve a copy on all counsel of record.

/s/ Kevin Rajabalee
Kevin Rajabalee, Esq.