UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JOSEPH SIANO,                                                      Case No. 0:26-cv-60012-RS

        Plaintiff,

vs.

TD BANK, N.A., and EQUIFAX
INFORMATION SERVICES, LLC,

        Defendants.            /

**DEFENDANT TD BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL BETTER DISCOVERY RESPONSES AND REQUESTS FOR
ATTORNEY'S FEES AND COSTS**

Defendant, TD BANK, N.A. ("TD Bank"), by and through its undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's Motion to Compel Better Discovery Responses from Defendant TD Bank, N.A. and Request for Attorney's Fees and Costs [DE 36] (the "Motion"), and states as follows:

## I.   INTRODUCTION

Plaintiff's Motion paints an inaccurate picture of TD Bank's discovery responses. TD Bank produced 250 pages of documents—Bates-stamped TD Bank 000001 through 000250—in response to Plaintiff's First Requests for Production, encompassing account documents, correspondence with Plaintiff, ACDV and dispute-related materials, and account notes. TD Bank's responses were made in good faith, were accompanied by a substantial document production, and its objections were tailored to the specific deficiencies in Plaintiff's requests. Plaintiff's characterization of TD Bank's objections as "boilerplate" or "borderline frivolous" ignores the substance and specificity of those objections.

Moreover, this case is narrow in scope. Plaintiff's Complaint alleges that TD Bank, as a furnisher of information, violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable

investigation of Plaintiff's disputes regarding the reported date of first delinquency on a Target credit store card account that was included in Plaintiff's December 2022 Chapter 13 bankruptcy discharge. The core of Plaintiff's claim is that TD Bank reported an incorrect date of first delinquency and failed to reasonably investigate Plaintiff's disputes regarding that date. TD Bank's discovery responses and objections were appropriately calibrated to the limited scope of those claims.

## II. ARGUMENT

### A. TD Bank's Objections Were Not Impermissible Boilerplate

Plaintiff contends that TD Bank's objections to RFP Nos. 1, 3–13, 17, 20–22, 24, and 25 are generalized and boilerplate in violation of Magistrate Judge Hunt's General Order on Discovery Objections and Procedures [DE 34]. Plaintiff's characterization is misleading. A review of TD Bank's actual responses, attached to the Motion as Exhibit "A," demonstrates that TD Bank's objections were particularized and explained the specific basis for each objection.

For example, TD Bank's objection to RFP No. 6 specifically identified why the request was overbroad: it "seeks all documents sent to or received from any credit reporting agency regarding Plaintiff and/or the Account(s) without reasonable limitation as to scope, subject matter, or the specific disputes at issue," and further explained that the phrase "regarding Plaintiff and/or the Account(s)" was vague because it "could be construed to encompass communications unrelated to the disputes alleged in the Complaint". TD Bank's objection to RFP No. 12 similarly identified the specific burden: the request "would require a broad and burdensome search for electronically stored information across multiple systems, custodians, and external communications, including vendors and other entities with no direct connection to the allegations at issue". These are not generalized, one-size-fits-all objections; they articulate the particular concern with each request.

Critically, despite its objections, TD Bank did not withhold production wholesale. TD Bank produced documents responsive to numerous requests, including correspondence with Plaintiff at Bates Nos. TD Bank 000001–000111 and 000114–000150; ACDV and dispute-related materials at Bates Nos. TD Bank 000113–000139, 000151–000155, 000162–000202, and 000203–000250; and account notes at Bates Nos. TD Bank 000162–000200.

With respect to Plaintiff's contention that TD Bank should have sought clarification before objecting on vagueness grounds, the General Order does not impose an affirmative obligation on the responding party to request clarification before raising a vagueness objection. Rather, it contemplates that a party seeking clarification "will do so before objecting on that ground". TD Bank's objections identified with specificity which terms were vague and why, fulfilling its obligations under the Federal Rules and the General Order.

## B. TD Bank's Privilege Objections Have Not Been Waived

Plaintiff argues that TD Bank's privilege objections across RFP Nos. 1, 3–14, 17, 19, 20, 21, and 25 should be deemed waived because TD Bank has not served a privilege log. TD Bank is prepared to serve a privilege log identifying any documents withheld on the basis of attorney-client privilege or work-product protection, or, in the alternative, to confirm in amended responses that no documents are being withheld on privilege grounds for those requests where that is the case.

The General Order's statement that a privilege objection unaccompanied by a log "may be deemed to have been waived" is permissive, not mandatory. Courts in this District retain discretion in determining whether waiver is appropriate, and waiver is disfavored where, as here, the responding party has demonstrated good faith by producing a substantial volume of documents and engaging in meet-and-confer discussions. TD Bank respectfully requests that the Court permit it to supplement its responses with a privilege log rather than deeming the privilege waived.

### C. TD Bank's "Subject to and Without Waiving" Responses Do Not Warrant Compulsion

Plaintiff takes issue with TD Bank's use of "Notwithstanding the foregoing, and without waiving any further objections" language in its responses to RFP Nos. 1, 3, 4, 6, 12, 13, 19, and 22.  TD Bank represents that the documents produced responsive to those requests is complete production and documents have not been withheld despite TD Bank's objections. TD Bank can serve amended responses to that effect.

However, Plaintiff's argument that these responses render the entire production uncertain is overstated. TD Bank's responses to these requests, notwithstanding the objected-to formulation, directed Plaintiff to specific Bates-stamped documents and thereby made clear what was being produced. The appropriate remedy, if any, is for TD Bank to clarify whether additional responsive documents exist—not to overrule TD Bank's substantive objections wholesale.

### D. TD Bank Will Identify Specific Bates Ranges Responsive to Each Request

Plaintiff argues that TD Bank's responses to RFP Nos. 1, 15, 18, and 19 improperly direct Plaintiff to the entire Bates range TD Bank 000001–000250 in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(i). Plaintiff's argument misapprehends the nature of the production. The documents bearing Bates Stamp Nos. TD Bank 000001–000250 constitute TD Bank's entire account file for Plaintiff's account—including the account application and opening terms, correspondence with Plaintiff, ACDV and dispute-related materials, and account notes. Referring Plaintiff to this complete account file is not improper; it is an accurate and complete response to each of these requests.

**RFP No. 1** seeks TD Bank's "entire file, collection file and investigation file relating to the account described in the Complaint and relating to Plaintiff." The documents at TD Bank 000001–000250 are precisely that—the entire account file. Directing Plaintiff to the complete file in

response to a request for the complete file is entirely appropriate and consistent with Rule 34(b)(2)(E)(i).

**RFP No. 15** seeks documents "relied upon by TD Bank when investigating Plaintiff's disputes." TD Bank reviewed and relied upon the entire account file—TD Bank 000001–000250—in the course of investigating Plaintiff's disputes. The account file in its entirety was the source material for TD Bank's investigation, and it would be inaccurate to suggest that only a subset of the file was consulted.

**RFP No. 18** seeks documents supporting the factual basis of TD Bank's denials of the allegations in the Complaint. The entire account file supports TD Bank's position that its reporting and investigation were proper, and TD Bank's reference to the full Bates range is therefore appropriate.

**RFP No. 19** seeks documents supporting TD Bank's affirmative defenses. The entire account file likewise supports TD Bank's affirmative defenses, including its good-faith and statutory-compliance defenses, and TD Bank's reference to the full production is proper. TD Bank reserves the right to supplement this response as discovery continues.

Rule 34(b)(2)(E)(i) requires that documents be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in the request. TD Bank produced these documents as they are maintained in the ordinary course of business—as a unified account file. Where, as here, the requests themselves seek documents coextensive with the entire account file, directing Plaintiff to that file does not violate Rule 34. Nevertheless, to the extent Plaintiff seeks guidance as to where within the production specific categories of documents may be found, TD Bank is willing to discuss such specifics with Plaintiff and will be happy to direct Plaintiff to any particular documents responsive to a more particularized inquiry.

### E.  TD Bank's Confidentiality Objections Are Proper, and TD Bank Is Gathering Responsive Policies and Procedures

Plaintiff's Argument V addresses two related issues: (a) TD Bank's assertion of confidentiality as a basis for withholding certain documents, and (b) the production of policies and procedures relevant to 15 U.S.C. § 1681s-2(b) and § 1681c(c)(1).

**Confidentiality.** TD Bank does not contend that confidentiality alone is a basis to withhold otherwise discoverable information. TD Bank's objections were raised to ensure that appropriate protections are in place before disclosure of proprietary and commercially sensitive materials. TD Bank notes that the parties have been working toward the entry of a Confidentiality Stipulation, and TD Bank is prepared to produce responsive documents subject to relevance and appropriate confidentiality protections once a stipulation or protective order is entered by the Court. The pending Confidentiality Stipulation [DE 35] should adequately address these concerns.

**Policies and Procedures (RFP Nos. 8, 9, 10, and 11).** TD Bank is actively working to gather and produce policies and procedures that are relevant to the claims in this case. However, Plaintiff's requests for "all" policies, practices, and procedures concerning the handling of furnisher disputes, verification of credit data, and compliance with § 1681s-2(b) and § 1681c(c)(1) are overbroad as drafted. TD Bank is a large financial institution with extensive policies covering a wide variety of consumer products, account types, and compliance obligations. Not all of those policies are relevant to this case.

The scope of this case is narrow: Plaintiff alleges that TD Bank improperly reported the date of first delinquency on a single discharged account and that TD Bank failed to conduct a reasonable investigation of Plaintiff's disputes regarding that date. TD Bank is therefore gathering and will produce policies and procedures related solely to the issues actually in dispute—namely, the reporting and investigation of the date of first delinquency on accounts included in bankruptcy.

Production of TD Bank's entire universe of dispute-handling, credit-data verification, and FCRA compliance policies and procedures—spanning all account types, products, and regulatory requirements—is not proportional to the needs of this case and would impose an undue burden.

TD Bank respectfully requests a reasonable period following the entry of the Confidentiality Stipulation to complete its gathering and review of responsive policies and procedures and to produce them to Plaintiff.

**Vendor Agreements (RFP No. 7).** TD Bank's objection to the production of vendor or third-party agreements under which Plaintiff's disputes were processed or investigated remains appropriate. These agreements contain confidential, proprietary, and commercially sensitive business information, and Plaintiff has not demonstrated that these agreements are relevant to the central question of whether TD Bank conducted a reasonable investigation of Plaintiff's dispute regarding the date of first delinquency. To the extent any limited portions of such agreements bear on that question, TD Bank is willing to discuss a narrowed production with Plaintiff following the entry of a protective order.

**Employee Incentive Programs (RFP No. 25).** TD Bank objects to RFP No. 25 as overbroad and not proportional to the needs of this case. Moreover, as Plaintiff's own counsel acknowledged in his meet-and-confer email, RFP No. 25 was "drafted in error by citing unauthorized credit card use," and Plaintiff indicated a desire to discuss an amended RFP to correct that error. The request as drafted does not seek information relevant to the claims or defenses in this action.

**Codes and Abbreviations (RFP Nos. 17 and 24).** TD Bank is prepared to produce definitions for codes, abbreviations, and response codes to the extent those exist that appear in the

documents already produced and that are relevant to understanding those documents in the context of this litigation, subject to appropriate confidentiality protections.

### F.  Additional Requests

**RFP No. 5 (Phone Recordings).** TD Bank has already stated in its response that it "does not have any call recordings with Plaintiff".  TD Bank is prepared to confirm in an amended response that, after a diligent search, no responsive phone recordings exist in TD Bank's possession, custody, or control.

**RFP Nos. 20 and 21 (Internal and Third-Party Communications).** TD Bank's objections to these requests were not boilerplate. RFP No. 20 seeks "all correspondence, memoranda, transmittals, e-mail communications, or any other written communication" between "any" of TD Bank's employees concerning Plaintiff's account during the entire Relevant Time Period. RFP No. 21 seeks the same breadth of communications between TD Bank and "any third-party" regarding Plaintiff. These requests, as drafted, would require TD Bank to conduct an expansive, costly, and burdensome search across multiple systems and custodians for any communication that references Plaintiff or his account, without limitation as to subject matter or relevance to the specific claims at issue. TD Bank has already produced substantial communications and dispute-related documents, including its internal account notes.

### G. Attorney's Fees and Costs Should Be Denied

Plaintiff's request for attorney's fees and costs under Federal Rule of Civil Procedure 37(a)(5)(A) should be denied. TD Bank's objections were substantially justified, as demonstrated above. TD Bank produced 250 pages of responsive documents and its objections raised legitimate concerns about proportionality, scope, and confidentiality. Under these circumstances, an award

of fees and costs is not warranted. See Fed. R. Civ. P. 37(a)(5)(A)(ii) (fees shall not be awarded if the opposing party's position was "substantially justified").

## III.     CONCLUSION

WHEREFORE, Defendant TD BANK, N.A. respectfully requests that this Court enter an Order (i) denying Plaintiff's Motion to Compel in its entirety; (ii) in the alternative, granting TD Bank a reasonable period to serve amended responses that (a) identify the specific Bates ranges responsive to RFP Nos. 1, 15, 18, and 19, (b) serve a Rule 26(b)(5) privilege log or confirm that no documents are being withheld on privilege grounds, (c) clarify whether production is complete for each request where the "subject to and without waiving" formulation was used, and (d) produce policies and procedures solely related to the date of first delinquency reporting and investigation issues in this case, subject to entry of the Confidentiality Stipulation; (iii) denying Plaintiff's request for attorney's fees and costs; and (iv) granting such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2026, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will serve an electronic copy upon all counsel of record.

s/*Barbara Fernandez*
Barbara Fernandez
Florida Bar No 0493767
HINSHAW & CULBERTSON LLP
2811 Ponce de Leon Blvd.
10th Floor, Suite 1000
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile:  305-577-1063
Primary:  bfernandez@hinshawlaw.com;
ellampallas@hinshawlaw.com
*Attorneys for TD Bank*

1096913\330410078.v1