**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

JOSEPH SIANO,                                   Case No. 0:26-cv-60012-SMITH/HUNT

        Plaintiff,

     v.

TD BANK, N.A., *et al.,*

        Defendants.

_____/

**<u>PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL BETTER</u>**
**<u>DISCOVERY RESPONSES FROM DEFENDANT TD BANK, N.A. AND REQUEST FOR</u>**
**<u>ATTORNEY'S FEES AND COSTS [DE 36]</u>**

Plaintiff, JOSEPH SIANO, submits this Reply in support of his Motion to Compel [DE 36] and in response to Defendant TD Bank, N.A.'s Response in Opposition [DE 39]. The Court should decline to consider TD Bank's Opposition for three independent reasons— (1) it was filed late, (2) it nearly doubles the page limit, and (3) it ignores the Court's General Order on Discovery Objections and Procedures [DE 34] altogether. The discovery period in this case ends July 24, 2026 and Plaintiff is in need of the documents being withheld in order to depose TD Bank, which Plaintiff is still trying to coordinate amidst this dispute. In any event, on the merits the Opposition only confirms that TD Bank's responses are not compliant with the General Order and that the Motion should be granted. Additionally, Plaintiff notes that this Reply is being filed seven-days after the TD Bank's Opposition, when the General Order provides such Reply is due three business days after [DE 34 at 5]. Because of TD Bank's failure to comply with the time for filing requirements, the Court should only consider Plaintiff's timely filed Motion to Compel. However, in an abundance of caution, Plaintiff provides this Reply to address the Opposition.

        I.     **<u>TD BANK'S OPPOSITION IS UNTIMELY</u>**

The General Order provides that "[t]he response shall be filed on or before the fifth business day following the date the motion was filed," and that "[t]o the extent that the docket reflects a different time or date to respond or reply, the timeframes in this Order are controlling." [DE 34, Part II.D]. The Order's own illustration is dispositive: "if the motion is filed on a

Monday, the response shall be filed by the following Monday." *Id.* Plaintiff filed the Motion on Monday, June 1, 2026, so TD Bank's response was due Monday, June 8, 2026. TD Bank did not file until June 17, 2026—nine days late.

Nor can TD Bank claim an honest mistake. Its filing reflects an assumption that the response was due June 15, 2026—the fourteen-day period for ordinary motions, not the five-business-day deadline the General Order imposes for discovery motions. Yet even under that erroneous date, TD Bank's June 17 filing was still two days late. The Opposition is untimely under either calculation, and the General Order expressly authorizes the Court to "DECLINE TO CONSIDER ANY FILING THAT DOES NOT COMPLY WITH THIS ORDER." [DE 34, at 6]. The Court should disregard DE 39 and grant the Motion as unopposed.

## II.    THE NINE-PAGE OPPOSITION VIOLATES THE FIVE-PAGE LIMIT

The General Order is equally explicit that the nonmoving party's response "is not to exceed five pages in length." [DE 34, Part II.D]. TD Bank's Opposition runs nine pages—nearly twice the limit, with argument alone spanning eight. This violation is an independent basis to decline to consider the filing. *Id.* at 6. Plaintiff is also aware that this Reply is being filed seven-days after

## III.    THE OPPOSITION IGNORES THE GENERAL ORDER'S OBJECTION STANDARDS

Even on its own terms, TD Bank's Opposition never measures its responses against the standards the General Order imposes [DE 34, Parts I.A–I.F]. The Opposition was TD Bank's opportunity to cure its boilerplate by "explaining in detail . . . the exact nature of the objection as it relates to each request"; instead, it "cho[se] . . . to deal once again in generalities." *Belle RP LLC v. JPS Capital Partners, LLC*, 2009 WL 10698475, at *3 (S.D. Fla. Sept. 24, 2009). Generalized objections "not in any way linked to a specific discovery request[] are invalid" and "have long been deemed, at once, ineffective, a nullity, and an abuse of the discovery process, because they block meaningful discovery without explaining why and to what extent." *Id.* at *2. TD Bank bears a "heavy burden" to "demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome," supported by evidence "which reveals the nature of the burden." *Id.*

TD Bank tries to show how it's objections and responses were tailored by pointing to the response to RFP #6, which actually illustrate the failure and evasiveness [DE 39 at 2]. "TD Bank's objection to RFP No. 6 specifically identified why the request was overbroad: it "seeks all documents sent to or received from any credit reporting agency regarding Plaintiff and/or the Account(s) without reasonable limitation as to scope, subject matter, or the specific disputes at issue," and further explained that the phrase "regarding Plaintiff and/or the Account(s)" was vague because it "could be construed to encompass communications unrelated to the disputes alleged in the Complaint." If the Court reviews the full text of the request [DE 36-1 at 4] it can see this argument is not credible.

IV.   **TD BANK'S RESPONSES FAIL ON THE MERITS**

**Boilerplate and vagueness (RFP Nos. 1, 3–13, 17, 20–22, 24, 25).** TD Bank insists its objections were "particularized," but it never sought clarification before objecting on vagueness grounds as Part I.B requires, and its labels remain "borderline frivolous." *Steed v. EverHome Mortg.*, 308 F. App'x 364, 371 (11th Cir. 2009); *accord Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011); *Border Collie Rescue, Inc. v. Ryan*, 2005 WL 662724, at *2 (M.D. Fla. Mar. 15, 2005); *Belle*, 2009 WL 10698475, at *2.

**Privilege without a log (RFP Nos. 1, 3–14, 17, 19–21, 25).** TD Bank still has not served a privilege log; its offer that it is "prepared to serve" one "or, in the alternative, to confirm" that nothing is withheld does not cure a present deficiency. A privilege objection unaccompanied by a log "may be deemed to have been waived." [DE 34, Part I.F]; *Williams v. Taser Int'l, Inc.*, 274 F.R.D. 694, 696 (N.D. Ga. 2008); *Polycarpe v. Seterus, Inc.*, 2017 WL 2257571, at *5 (M.D. Fla. May 23, 2017).

**"Subject to and without waiving" responses (RFP Nos. 1, 3, 4, 6, 12, 13, 19, 22).** TD Bank's concession that it "can serve amended responses" to clarify whether its production is complete confirms that the current responses "preserve[] nothing." [DE 34, Part I.E]; *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, 2015 WL 1470971, at *4 (M.D. Fla. Mar. 31, 2015); *Polycarpe*, 2017 WL 2257571, at *5.

**"All-Bates" responses (RFP Nos. 1, 15, 18, 19).** Directing Plaintiff to the entire 250-page production does not satisfy Rule 34(b)(2)(E)(i). That Plaintiff sought categories of documents does not relieve TD Bank of its duty to produce records as kept in the usual course of

business or to label them to correspond to each request, particularly where the production spans distinct categories of materials.

**Confidentiality and § 1681s-2(b) policies (RFP Nos. 1, 7–11, 17, 24, 25).** Plaintiff provided the proposed confidentiality stipulation on April 22, 2026 to counsel from Equifax and TD Bank [DE 36-2, pg.2]. There has been no response from TD Bank other than stating it is being reviewed and a response is coming. TD Bank's offer to produce policies "related solely to the issues actually in dispute" and to "discuss a narrowed production . . . following the entry of a protective order" concedes both that the materials are relevant and that confidentiality "is properly addressed through a protective order"—not withholding. *Polycarpe*, 2017 WL 2257571, at *5–8. These requests, which go to the reasonableness of TD Bank's investigation and its pleaded affirmative defenses, are "directly relevant" and not overbroad. *Belle*, 2009 WL 10698475, at *4. A protective order is already available: Plaintiff's proposed Confidentiality Stipulation, which Equifax has accepted [DE 35].

TD Bank's repeated offers to supplement, amend, and confirm are not a defense; they are an admission that its responses are deficient. The remedy is an order compelling compliant responses—not an open-ended promise to revisit them.

## V. ATTORNEY'S FEES AND COSTS

Because TD Bank's deficient responses necessitated the Motion and this Reply. Therefore, Plaintiff's reasonable attorney's fees and costs should be awarded under Federal Rule of Civil Procedure 37(a)(5)(A). TD Bank's position is not "substantially justified" where its responses violate the General Order on their face. [DE 34, Part II.E].

**WHEREFORE**, Plaintiff, JOSEPH SIANO, respectfully requests that this Court (i) decline to consider DE 39; (ii) grant Plaintiff's Motion to Compel [DE 36] and overrule TD Bank's objections; (iii) compel TD Bank to serve amended responses that comply with the General Order, a Rule 26(b)(5) privilege log, and the withheld documents, policies, and procedures, subject to the proposed Confidentiality Stipulation; (iv) award Plaintiff his reasonable attorney's fees and costs; and (v) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DEBT SHIELD LAW**
*/s/ Kevin Rajabalee, Esq.*
Fla. Bar. No. 119948
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Main: 754-800-5299
Direct: 954-667-3096
Fax: 305-503-9457
kevin@debtshieldlaw,com
dayami@debtshieldlaw.com
service@debtshieldlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2026, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will serve a copy on all counsel of record.

*/s/ Kevin Rajabalee*
Kevin Rajabalee, Esq.
FBN: 119948